**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | |
|---|---|
| **TERRY LEE HOWARD** | ) |
| | ) |
| **v.** | )    **Case No.  3:24-cv-01079** |
| | ) |
| **BANK OF AMERICA, N.A.** | ) |

**TO:  Honorable Waverly D. Crenshaw, Jr., United States District Judge**

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered September 13, 2024 (Docket Entry No. 8), this civil action was referred to the Magistrate Judge.    Presently pending before the Court is the motion for summary judgment filed by Defendant Bank of America, N.A. (Docket Entry No. 32).    Plaintiff responded in opposition to the motion Docket Entry No. 37) and Defendant replied in support (Docket Entry No. 38.)    For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED**.

## I.   BACKGROUND

Terry Lee Howard ("Plaintiff") is a resident of Tennessee.    On June 17, 2024, he filed this lawsuit in the Chancery Court for Montgomery County, Tennessee, against Bank of America, N.A. ("Defendant" or "BANA").    *See* Complaint (Docket Entry No. 1-2).    Plaintiff seeks damages based on allegations that Defendant violated the Fair Credit Reporting Act, 15 U.S.C.§§ 1681 *et seq*. ("FCRA").    Plaintiff asserts that he opened two unsecured credit card accounts, accounts #5483 and #9670, with Defendant in 2017.    *Id*. at ¶¶ 8-10.    He alleges that Defendant failed to take certain actions related to the accounts, including failing to make reports of his payment activity on the accounts to credit reporting agencies and failing to make certain credit score

disclosures to him, and that he did not get satisfactory responses from Defendant's employees when he complained about these issues.  *Id*. at ¶¶ 11-18.  He sets forth a single cause of action in his complaint, alleging that he has been harmed because Defendant failed to provide him with "the notifications, information, and disclosures required by the FCRA, 15 U.S.C. § 1681g(g), as soon as reasonably practicable."  *Id*. at ¶¶ 25-28.

On September 6, 2024, Defendant timely removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  *See* Notice of Removal (Docket Entry No. 1).  Although Plaintiff was represented by counsel at the time he filed the lawsuit and for a short period of time after removal, his counsel was permitted to withdraw on November 5, 2024, and Plaintiff has proceeded *pro se* since that time.  *See* Orders entered November 5, 2024 (Docket Entry No. 14), and December 19, 2024 (Docket Entry No. 18).

After Defendant filed an answer (Docket Entry No. 16), the Court entered a scheduling order and a modified scheduling order that provided for periods of pretrial activity, including a period for discovery.  The parties' early attempt to settle the case was not successful.  *See* Status Report (Docket Entry No. 21).  Neither party demands a jury trial, and a trial date in the case has not been set pending resolution of Defendant's dispositive motion.  There are no other motions that are pending in the case.

## II.  MOTION FOR SUMMARY JUDGMENT

Defendant seeks summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure.  The motion is supported by a memorandum of law (Docket Entry No. 35), a statement of undisputed material facts ("SUMF") (Docket Entry No. 34), and the declaration of BANA employee Tom Jordan (Docket Entry No. 33) and documents attached thereto (Docket Entry Nos.

2

33-1 to 33-4). Defendant argues that it is entitled to summary judgment because there is no evidence that supports Plaintiff's claim that it violated 15 U.S.C. § 1681g(g). Defendant argues that the disclosure requirements set out in Section 1681g(g) are narrow and simply do not apply to this case because it is undisputed that the two credit card accounts at issue were not loans and were not secured by 1 to 4 units of residential real property, both of which are necessary conditions for Section 1681g(g) to apply. Defendant additionally argues that Plaintiff's claim is time-barred by the FCRA's statute of limitations. *See* Memorandum in Support (Docket Entry No. 35) at 2-6.

Plaintiff's 67 page *pro se* response consists of ten exhibits that include various documents from Defendant and credit reporting agencies, as well as an article about a fraud case involving BANA. *See* Docket Entry No. 37 at 1 and Docket Entry No. 37-1. Interspersed within these documents are several handwritten comments from Plaintiff, as well as his own, notarized statement and a summary of allegations and arguments from Plaintiff about what he believes is wrongdoing by Defendant. *See* Docket Entry No. 37-1 at 17-18 and 56-57. In his response, Plaintiff points to several issues with how Defendant managed his accounts, including wrongly closing accounts and not providing information, but he does not address Defendant's argument that his Section 1681g(g) claim is not supported by the evidence. Plaintiff also failed to submit a response to Defendant's SUMF.

In a reply, Defendant argues that (1) Plaintiff's failure to respond to the SUMF deems the facts asserted in the SUMF to be undisputed and (2) Plaintiff fails to actually address or refute the summary judgment arguments made in the motion. *See* Reply (Docket Entry No. 38).

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). Plaintiff's *pro se* status does not relieve him of this obligation. *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

## IV. ANALYSIS

After a review of the evidentiary record before the Court and the parties' summary judgment filings, the Court finds that the motion for summary judgment is properly granted. Based on the evidence that is before the Court, no reasonable trier of fact could find that Defendant violated Section 1681g(g). Accordingly, Defendant is entitled to summary judgment in its favor.

Initially, the Court notes that Local Rule 56.01(f) provides that when a party fails to respond to a moving party's statement of undisputed material facts, "the asserted facts shall be deemed undisputed for the purposes of summary judgment." Thus, the facts set forth in Defendant's SUMF, which are supported by evidence from Defendant, are properly viewed by the Court as undisputed for the purposes of reviewing the motion for summary judgment.

Turning to Plaintiff's FCRA claim, the disclosure requirements set out in Section 1681g(g) apply to "certain mortgage lenders," 15 U.S.C. § 1681g(g), and are triggered as follows:

> (1) In general
>
> Any person who makes or arranges loans and who uses a consumer credit score, as defined in subsection (f), in connection with an application initiated or sought by a consumer for a closed end loan or the establishment of an open end loan for a consumer purpose that is secured by 1 to 4 units of residential real property (hereafter in this subsection referred to as the "lender") shall provide the following to the consumer as soon as reasonably practicable:

15 U.S.C. § 1681g(g)(1). By its very terms, the requirements imposed by Section 1681g(g) apply only to loans that are to be secured by residential real property. *See Bartlett v. Bank of Am., NA*, 603 F.App'x 209, 210 (4th Cir. 2015) ("The FCRA provides a private right of action against a mortgage lender that willfully or negligently fails to comply with the disclosure requirements under § 1681g(g)."); *Kingery v. Quicken Loans, Inc.*, 629 F.App'x 509, 513 (4th Cir. 2015) (the Section 1681g(g) disclosure requirements are "triggered by a mortgage lender's use of a credit

score in connection with a consumer's application for a mortgage."); *Domonoske v. Bank of Am., N.A.*, 790 F.Supp.2d 466, 469 (W.D. Va. 2011) (applying Section 1681g(g) to a "mortgage lender").

The undisputed evidence provided by Defendant in support of its motion shows that the two accounts identified by Plaintiff in his complaint had nothing to do with a mortgage loan but were open-ended credit card or line of credit accounts that were not secured by residential real property. *See* Declaration of Jordan at ¶¶ 8-12; SUMF at ¶¶ 3-5. Therefore, no disclosures were required from Defendant under Section 1681g(g) related to these two accounts, and there is no factual basis that supports Plaintiff's claim for a violation of Section 1681g(g).

In his response to the motion, Plaintiff has not set forth any type of legal or factual argument that explains how he has a viable claim under Section 1681g(g) given the language of that statute and the facts of this case. Although Plaintiff proceeds *pro se*, the Court is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Further, the bulk of Plaintiff's response concerns actions taken by Defendant with respect to accounts that are not a part of this case, his belief that Defendant "only cares about one thing and that is profits," and his overall dissatisfaction with Defendant because, in his opinion, "this bank make bad judgment calls in many ways and the customers always suffer from bad managers

6

and poorly trained staff." *See* Docket Entry No. 37-1 at 17. However, federal courts "do not exercise general legal oversight of private entities," *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021), and the Court may only consider the claim that has actually been raised by Plaintiff in his complaint. *See Novak v. Federspiel*, 2022 WL 3046973, at \*2 (6th Cir. Aug. 2, 2022) ("review of the claims is confined to those that were actually raised in each complaint rather than those that could have been raised"); *Great Am. Opportunities, Inc. v. Cherry Bros., LLC*, No. 3:17-CV-1022, 2018 WL 418567, at \*9 (M.D. Tenn. Jan. 16, 2018) (Trauger, J). ("The court can only rule on the claims before it."). Plaintiff simply fails to set forth any facts or arguments in support of his actual claim. There are no genuine issues of material fact that exist, and summary judgment should be granted in favor of Defendant.

Because the Court finds that Defendant is entitled to summary judgment in its favor on the merits of Plaintiff's Section 1681g(g) claim, it is not necessary to address Defendant's alternative argument that Plaintiff's claim is barred by the statute of limitations.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion for summary judgment filed by Defendant Bank of America, N.A. (Docket Entry No. 32) be **GRANTED** and that a final judgment be entered in favor of Defendant that dismisses this case **WITH PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure

to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

8