# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **TERRY LEE HOWARD,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 3:24-cv-1079** |
| | **)** | |
| **BANK OF AMERICA, N.A.,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Terry Lee Howard's motion for reconsideration, (Doc. No. 43), of the Order (Doc. No. 41) adopting Magistrate Judge Barbara D. Holmes's Report and Recommendation ("R&R") (Doc. No. 40), which granted Bank of America's motion for summary judgment. (Doc. No. 32). Mr. Howard has filed a "Response to Report and Recommendation" and "Motion for Reconsideration", mailed by certified mail on March 20, 2026, and received by the Court on March 26, 2026. (Doc. No. 43).

The R&R was filed on March 4, 2026 with notice to Mr. Howard that any objections are due in fourteen (14) days, which would be March 18, 2026. Because Mr. Howard received the R&R by mail Federal Rule of Civil Procedure 6(d) provided him three more days, making his objections due March 21, 2026, which is a Saturday, so it is extended to Monday, March 23, 2026. Accordingly, the Order entered March 24, 2026 was proper and Mr. Howard's response is late. The Court notes that Mr. Howard offers no explanation for his late filing.

Mr. Howard's motion for reconsideration even if construed as a timely objection, which it is not, lacks merit. (Doc. No. 43-2 at 6). Mr. Howard's motion comprises two pages of print and handwritten text in which he asks for a trial to hold Bank of America liable for all the violations

1

under the Fair Credit Reporting Act and the Dodd-Frank Act.  (Doc. No. 43).  He says it is his right to ask for an appeal because he is pro se.  He says he needs his due process rights and his right to a jury trial.  He attaches bank statements for Bass Brothers Car Audio, a cover letter from the bank, a handwritten statement that the bank revoked Mr. Howard's credit line, and that he lost "the whole $46,000 credit card."  (Doc. No. 43-1).  Howard also attaches a copy of 12 U.S.C. § 1847 and a statement of facts that repeats allegations on the closing of certain bank accounts held by Mr. Howard, credit card limits, identity theft, and details regarding Mr. Howard's disability status. (Doc. No. 43-2).

Mr. Howard's motion for reconsideration construed as an objection does not constitute a proper objection under Federal Rule of Civil Procedure 72(b)(2).  Proper objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections."   M.D. Tenn. L.R. 72.02(a)  Importantly, "vague, general, or conclusory objections," which do "not meet the requirement of specific objections and [are] tantamount to a complete failure to object."  Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Indeed, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted).

Whether objections are properly raised is of great import, as an improper objection amounts to a "failure to properly, specifically, and timely object to a report and recommendation," which "releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021). When a litigant makes improper

objections, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Under these circumstances, "[t]he functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks," and "[t]his duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id. Even if Howard's motion for reconsideration is construed as an objection, it lacks the specificity required to be proper.

To the extent Mr. Howard seeks reconsideration of the Court's Order (Doc. No. 41), it fails under Federal Rule of Civil Procedure 59. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990). A party may move to alter or amend a judgment under Rule 59(e) if there is " '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009). "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.' " Nat'l Ecological Found. v. Alexander, 496 F.3d 466, 477 (6th Cir. 2007) (quoting FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)). The movant may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment entered. See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383 395 (6th Cir. 2007) (collecting cases). However, Mr. Howard's motion contains no suggestion of a "clear error of law," "newly discovered evidence," "intervening change of controlling law," or a "need to prevent manifest injustice."

Accordingly, Mr. Howard's motion to reconsider is **DENIED.**

IT IS SO ORDERED.

_____

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4